## SARAH V. YOUNG v. GEORGE L. PHIFER.

An answer, in an action for specific performance, or to correct an alleged mistake in a deed which avers that "the defendant has conveyed all the land he agreed to convey," raises an important issue, and is not "sham" pleading.

CIVIL ACTION, to compel the defendant to correct a mistake in a deed, tried at Spring Term, 1874, of CABARRUS Superior Court, before his Honor, *Logan, J.*

All the facts necessary to present the points decided in this Court, are stated in the opinion of the CHIEF JUSTICE.

On the trial below, the plaintiff moved for judgment against the defendant for the facts stated in the opinion, which motion being refused, the plaintiff appealed.

*Wilson & Son,* for appellant.
*Montgomery,* contra.

PEARSON, C. J. The motion for judgment upon complaint and answer was put on the ground that the answer was "sham pleading" to gain time. The answer can, in no sense of the word, be called "sham." It avers "the defendant has conveyed all the land that he agreed to convey." This directly makes an issue as to the right of the plaintiff to a specific performance. But the allegation of a mistake in respect to the number of acres is not controverted, and is taken to be true. Upon this state of facts, the defendant relies upon the statute of limitations, and thus forces the plaintiff to rely upon C. C. P., secs. 34–90, "within three years" by way of replication. So, instead of "sham pleading," the answer makes an important question, and a very interesting one, involving the construction of C. C. P., in respect to a provision, which is unusual in the legislation in this State.

The sub-section (9) is in these words, "Action for relief on the ground of fraud, in cases which heretofore were solely cog-

34

nizable by Courts of Equity. The cause of action in such cases *not to be deemed to have accrued* until the *discovery* by the *aggrieved party* of the facts constituting fraud.

The point made is this: Does the refusal of a party to correct a mutual mistake, constitute fraud within the meaning of this sub-section, or is it necessary to charge that the defendant procured the Surveyor to make a false estimate of the number of acres, or that the defendant at the time, when he received payment of the purchase money, had knowledge of the fact that the tract conveyed did not contain the number of acres, upon the basis of which the payment was made, which fraud the plaintiff did not discover.

His Honor, upon the motion, was not called upon to decide this question, but it is clear he could not treat the answer which raised it "as sham pleading"—and it may suggest to the plaintiffs's attorney the necessity for amending the complaint, if he can do so consistently with the facts; if not, he must meet the question upon the ground that one who refuses to correct a mutual mistake, after the expiration of three years is guilty of fraud, within the meaning of this sub-section.